UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEANDRAE R. DEAS,

        Plaintiff,                          Case No. 1:18-cv-838

v.                                          Honorable Janet T. Neff

INGHAM COUNTY JAIL,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a county jail inmate under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's claims relating to the presence of inmates from the Michigan Department of Corrections (MDOC), the absence of sprinklers and cameras, the conditions in "the Hole," and the actions of unnamed deputies who have indiscriminately "locked down" Plaintiff. Moreover, the Court will dismiss Defendant Ingham County Jail and substitute Ingham County in place of Ingham County jail. The Court will serve the complaint against Defendant Ingham County with respect to Plaintiff's remaining claims.

**Discussion**

I.  Factual Allegations

Plaintiff alleges that he has been an inmate at the Ingham County Jail for over eight months. It appears that Plaintiff is a pretrial detainee awaiting trial on charges of burglary, larceny, and unlawful sexual penetration. Plaintiff claims the conditions at the jail are unsafe for several reasons:

1. Inmates from the Michigan Department of Corrections are housed with pretrial detainees and county jail inmates. The MDOC inmates are dangerous and Plaintiff fears for his safety.

2. Black mold is present in the facility. It is a major health hazard.

3. Plaintiff is denied exercise, recreation time, and time outdoors.

4. There are no sprinklers in the cells or common areas.

5. There are no cameras in the common areas or deputy stations.

6. The water is unsafe and contaminated with metals.

7. The food is weeks old and Plaintiff is not being served enough calories.

8. Plaintiff is routinely placed in "the Hole." Temperatures in the Hole are freezing and inmates are not permitted to wear temperature-appropriate clothing. Plaintiff is denied privileges while he is in the Hole.

9. Deputies have placed Plaintiff on lockdown without reason.

(Compl., ECF No. 1, PageID.3-4.) Plaintiff asks for compensation for the physical and mental damage and emotional distress he has suffered.

II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Ingham County Jail

Plaintiff sues the Ingham County Jail. The jail is a building, not an entity capable of being sued in its own right. A specific correctional facility is "not the proper public entity for suit." *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013); *see also Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."); *Belcher v. Ottawa County Adult Corr. Facility*, No. 1:09-cv-173, 2009 WL 1163412, at *2 (W.D. Mich. Apr. 28, 2009) ("The Ottawa County Adult Correctional Facility is a building, not an entity capable of being sued in its own right."). The Court therefore will dismiss Defendant Ingham County Jail.

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Ingham County. A municipality, such as a county, may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Here, in some instances, Plaintiff's allegations, read liberally, indicate that the county had an official policy of maintaining unconstitutional conditions at the Ingham County Jail. To the extent that the Court concludes that the alleged violations state a claim, Plaintiff has sufficiently alleged that Ingham County is liable for those violations. The Court therefore directs the Clerk to substitute Ingham County as a Defendant in the place of Defendant Ingham County Jail.

### IV. Conditions of Confinement

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Richko v. Wayne Cty.*, 819 F.3d 907 (6th Cir. 2016); *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; *see, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the

Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

To prevail on an Eighth Amendment claim, an inmate must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

### A. MDOC inmates

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiffs must show that Defendants were deliberately indifferent to the Plaintiffs' risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson*, 29 F.3d at 242-43 (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.") Here, Plaintiff alleges that he fears for his safety, but he alleges no facts to establish whether that fear is reasonable or from which the Court might infer a particular danger.

6

The fact that a fellow inmate has been convicted—the only distinguishing characteristic between the MDOC inmates Plaintiff fears and the pretrial detainees he apparently does not fear—does not, in and of itself, establish a risk of injury. Accordingly, Plaintiff has failed to state a claim regarding the presence of MDOC inmates in the Ingham County Jail.

        **B.**        **Black mold**

Exposure to black mold may, in an appropriate case, be sufficiently serious as to satisfy the objective component of the Eighth Amendment. *Compare Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (mold in the ventilation system violates Eighth Amendment), *with Causey v. Allison*, No. 1:08CV155-RHW, 2008 WL 4191746, at *1 (S.D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *see also McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2-*4 (W.D. Mich. Sept. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate) (citing *Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at *3 (5th Cir. Mar. 8, 2006) (dismissing action because Plaintiff did not use due diligence in determining whether mold was airborne or simply present in her house)). Here, Plaintiff alleges the mold poses a specific safety hazard to him. Plaintiff's allegations about the presence of mold demonstrate the existence of a sufficiently serious risk to prisoner health to implicate the Eighth Amendment. *Ivey*, 832 F.2d at 954. Upon initial review, Plaintiffs' allegations are sufficient to state a claim.

### C. Exercise

The Eighth Amendment entitles prisoners to exercise sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920-27 (6th Cir. 1985). Plaintiff alleges that he is not provided any opportunity for out-of-cell exercise. Upon initial review, Plaintiff's allegations are sufficient to state a claim.

### D. Sprinklers

The presence of sprinklers in the cells and common areas might enhance safety in the jail; however, the absence of sprinklers does not make the jail inherently dangerous. The presence or absence of sprinklers is simply a part of the jail's fire safety plan. Highlighting the absence of one particular potential element of such a plan does not suffice to establish a sufficiently serious risk to safety or deliberate indifference to such a risk. Plaintiff's allegations regarding the absence of sprinklers fail to state a claim.

### E. Cameras

Plaintiff has failed to allege facts indicating that he is subject to a significant risk of serious injury without the cameras. Plaintiff's allegations regarding the absence of cameras fail to state a claim.

### F. Unsafe Water

Upon initial review, Plaintiffs' allegations are sufficient to state a claim. *Dellis v. Corr. Corp of Am.*, 257 F.3d 508, 512 (6th Cir. 2001) ("Plaintiff's deprivation of drinking water allegation states a viable Eighth Amendment claim.").

### G. Insufficient Food

"[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive

adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). Plaintiff's claim that the jail fails to provide adequate calories suffices to state a claim.

### H. The Hole

Plaintiff's claim that he has suffered constitutional violations because of conditions and restrictions during his brief stays in the Hole echoes claims made by state prisoners regarding the conditions and restrictions in segregation. The Supreme Court has acknowledged that placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is clear that Plaintiff was denied certain privileges as a result of his temporary placements in the Hole, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

### I. Lockdowns

Plaintiff's allegations regarding the lockdowns are focused on the unwarranted actions of unnamed deputies. The allegations do not suggest a county policy; thus, the allegations do not suffice to state a claim against Ingham County. Moreover, Plaintiff does not provide any detail regarding the conditions of "lockdown." Therefore, Plaintiff has failed to allege the sort of extreme deprivation that might rise to the level of an Eighth Amendment violation.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Ingham County Jail will be dismissed as an improperly named defendant. The Clerk shall substitute Ingham County as a Defendant in place of Ingham County Jail. Moreover, Plaintiff's claims related to the presence of MDOC inmates, the absence of sprinklers, the absence of cameras, the conditions in the Hole, and the imposition of and conditions on lockdown will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the remaining claims against Defendant Ingham County.

An Order consistent with this Opinion will be entered.

Dated: __August 14, 2018__   /s/ Janet T. Neff
　　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　　United States District Judge